ROBERTS, KERR & CO. v. WATERS.

1. WRITTEN CONTRACT NOT VARIED BY PAROL AGREEMENT. A contract in writing cannot be varied or altered by a parol agreement made prior thereto or cotemporaneous therewith.
2. INTEREST: DEFENSE. In an action on a note, before the maturity thereof, under an agreement authorizing such action upon the failure of the maker to secure by a day certain; *Held*, that the defendant is entitled to an abatement of the interest included in the note *pro tanto*.
3. DEFENSE: PAROL AGREEMENT. In such an action, the defendant may show, either that the alleged cotemporaneous agreement was obtained by fraudulent representations or inducements; or that in fact it was made after the note was executed and without consideration.

*Appeal from Henry District Court.*

WEDNESDAY, OCTOBER 26.

The plaintiffs sued upon a promissory note dated 4th September, 1857, and due in six years from date. Judgment for the plaintiff, and defendant appeals.

*Clark, Doolittle & Clark*, for the appellant.

*Palmer & McFarland*, for the appellee.

WOODWARD, J.—At the time of giving the note, which was for the debt of another person, there was another agreement in writing, by which the defendant agreed to give security by deed of mortgage or trust, on unincumbered real estate, which was to be done by the first of the October following,

and on failure thereof the note was to become due, and the plaintiff should be at liberty to sue thereon.    The petition is based upon both the note and this agreement, setting out both of them, and averring non-performance.    The defendant's demurrer to the petition was waived by pleading over and going to trial.

The plaintiffs' demurrer to the defendant's answer, should not have been sustained as to the entire answer.    It was correctly supported as to the parol matter set up by defendant. The latter, in his argument, treats it as a subsequent verbal agreement changing the terms of the prior written one; but this is not the manner in which the answer presents it. This sets up that the conversation took place, and the parol agreement was made, before he would consent to sign the contract concerning giving security, and so makes it a parol contract entered into, at, and prior to, the time of the written one, and in contravention of the terms of the latter. But the defendant pleads sufficient matter to show that if the plaintiffs could sue on the note at that time, they were not entitled to recover the whole amount, for he alleges that the interest was reckoned in for the entire term of six years. He had a right to show this, and it constituted a good defense *pro tanto*.

There is another view in which the demurrer to the answer should not have been sustained in its entirety.    As another ground of defense, the answer alleges that the contract to give security, was, in fact, made after the signing of the note, and upon separate inducements, and was not part of the original agreement for giving the note, and that it was without consideration.    If it was such a separate and subsequent matter, then it was open to this plea of want of consideration.    A consideration is presumed from the writing, it is true, but still the defendant might deny it and put it in issue.

The parol matter pleaded against the contract for giving security, was not demurrable, as suggested by the court in a note, for the reason that it constituted a defense in equity, though not at law ; for if admissible in law, as *parol*, it would

be equally so in equity. The true ground is stated above. Being pleaded as a parol agreement prior to, or cotemporaneous with, the written one, it is not receivable because it is inconsistent with the latter. But if it were pleaded as fraudulent representations inducing to the contract, or as a subsequent one, either setting aside the former, or modifying it in respect to time, it might be receivable, and might not be the subject of demurrer.

The suggestion of the defendant that the averments of his answer, not being replied to, should be taken as true, has no place in this position of the case. This would be true if the plaintiff went to trial without replying. But instead of a replication there is a demurrer. The facts are taken as true for the demurrer, so far as well pleaded, and if not well pleaded they have no effect, although true. In sustaining the demurrer the court treated the whole, and every part, of the answer as bad, whilst it should have been held applicable to only a part of the answer. This is assigned as error, and upon this the judgment of the District Court is reversed and the cause remanded.